## Mordecai H. Cropper, plaintiff in error, *vs.* The United States, defendant in error.

### *Error to Johnson.*

The confession of a prisoner will be received if that confession is not extorted by a threat of a *criminal* prosecution—a threat to sue for the property stolen, will not exclude the proof of confession.

If the jury fix the imprisonment for petty larceny, it will be regarded as surplusage to the verdict of guilty, and the sentence considered as the act of the court.

This was an indictment for larceny, found by the grand jury of Johnson county, against Mordecai H. Cropper, at the May term 1842. The errors assigned are as follows:

1. In allowing the evidence of Malcolm Murray to go to the jury when excepted to, as will more fully appear in the bill of exceptions, hereunto made part of the record.

2. In directing the jury to affix the amount of punishment.

3. Because the amount of punishment was not fixed and determined by the court.

LOWE, for plaintiff in error.

CARLETON, for defendant.

BY THE COURT, WILSON, JUSTICE.—The first objection will fully appear from the bill of exception, which is as follows:

" Be it remembered that on the trial of the above cause, Malcolm Murray, one of the firm of Murray & Sanxy, was examined as a witness on the part of the prosecution, gave the following testimony: ' I saw Cropper behind our store, and called him, says I Cropper, what have you been doing here all winter, stealing our wood? He denied it, and I said if you don't pay us for the wood, I'll sue you. He wanted to know how I knew he had been stealing wood. I told him I could prove it by the best kind of evidence, and started off. He called me and said he had been taking chips to kindle his fire. I told him he was lying and that he then acknowledged that he had taken an arm full of wood or two. I told him he was lying. He then acknowledged that he did steal wood. '

" Cross examined. ' At the time I talked with him my object was to get him to admit the taking of the wood, and the quantity he had taken, for the purpose of a settlement with him. I threatened him with suit, and tried to frighten him, to get him to admit the taking of the wood. I put as strong a face on as I could. He appeared confused, and I appeared as rough as I could. My object was to make him acknowledge the taking of the wood, in order to effect a settlement with him for the same. '

" All which the counsel for the defence moved the court to overrule for the reason that the admissions aforesaid, were made, if made at all, under the influence of a threat, or promise made by the witness.— Which motion the court refused, and let the evidence to the jury, and thereupon the counsel for the defence excepted to the opinion of the court, and asks the court to sign this his bill of exceptions.

" J. WILLIAMS, Judge."

We think, that the evidence of the witness, Murray, was admissible. If Murray had made any threat or promise in reference to the *criminal* charge against the defendant in the indictment, the confession would have been inadmissible. In Greenleaf's new work upon evidence, page 266, the following doctrine is laid down, that " a promise of some collateral benefit or boon—no hope of favor being held out in respect to the criminal charge against him, will not prevent the confession of the prisoner from being received. The threats of the witness made to the prisoner in this case, were merely in reference to a suit for the value of

the wood, and no allusion seems to have been made in the conversation between them as to the criminal prosecution.

We will now proceed to consider the seeond and third objections. The record in this case shews that the jury in finding their verdict fixed the amount of punishment. On the 4th day of January, 1839, it was enacted by the legislature that " where any latitude is left as to the amount of punishment for any offence, the jury who try the offender, shall in all cases fix the amount of punishment. " On the 24th of January, 1839, the criminal code was enacted, which, in defining some crimes, and affixing the punishment, declares that the amount of punishment shall be at the discretion of the court, and in other cases it is silent upon this point. There is no conflict between these statutes exeept in those sections which require the court to fix the amount of punishment.

Where nothing is said as to which tribunal shall fix the punishment, and latitude is left to the amount of punishment, the statute of the 4th of January, 1839, will apply. Where it is enacted, that it shall be left to the discretion of the court, the court should fix it, the statute which so enacts it having been passed subsequent to the other. In reference to the particular offence for which the plaintiff in error was indicted, it was the duty of the court to fix the punishment ; the words of the statute being as follows : " That it shall be the duty of the court in all such cases, where the amount of property stolen, bought or received, shall be less than five dollars to codemn the prisoner or prsioners guilty, &c., to be imprisoned for a term not exceeding two years. " It appears by the record, that the court complied with the statute, and that part of the verdict of the jury, which alludes to the punishment, may be considered as surplusage, and as not vitiating the preceeding part of it, and therefore may be rejected.

MASON, CHIEF JUSTICE.—I concur in the foregoing decision, but base my opinion upon the ground that in this case, it was the province of the jury to fix the amount of the punishment. The 82d section of the act of January 4, 1839, page 119 enacts: " That where any latitude is left as to the amount of the punishment for any offence, the jury who try the offender shall in all cases fix the amount of punishment. "

That provision, if unrepealed, applies to this case. The 38th section of the act of January 25, 1839, page 150, in relation to offences of this kind, directs that it shall be the duty of the court to condemn the prisoner for a term not exceeding two years. I do not suppose it was

the intention of the legislature, by this latter statute, to repeal the provision of the former which has been above quoted. The last act directs the court to condemn the prisoner to a certain amount of imprisonment, and he was so condemned. The sentence of the court is perfectly compatible with the verdict of the jury, and also with the law.

Judgment affirmed.